UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOSEA HARDIN,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD GOWANS, et al.,<br><br>Defendants. | No. 2:14-cv-01796-EFB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Defendant Dr. Reginald Gowans died and the executor of his estate, Daphne Gowans, has been substituted as defendant. ECF No. 49. She moves to dismiss, arguing that this case was initiated beyond the applicable statutes of limitations. ECF No. 50. For the reasons that follow, the motion to dismiss must be granted.

**I.    Background**

Plaintiff alleges that Dr. Gowans violated his federal rights by: (1) placing "brackets" on plaintiff "for no other reason but to continue the on-going pain and mental stress as the brackets weren't necessary"; (2) "pull[ing] a perfectly good (left rear) Molar"; and (3) removing the brackets "in a very rough and harsh manner" leaving plaintiff's gums "thoroughly cut, swollen and bleeding and very much in pain." ECF No. 5 at 7-8. This conduct allegedly occurred between July 9, 2009 and July 29, 2009. *Id.* Plaintiff alleges that these actions constituted

deliberate indifference to his serious medical needs in violation of the Eighth Amendment and professional negligence.¹ *Id.* at 8-9.

**II.     The Motion to Dismiss**

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).² In considering such a motion, the court accepts all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court also construes the alleged facts in the light most favorable to the plaintiff. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). The factual allegations must present a plausible claim for relief to survive dismissal. *Id.* at 1950.

Defendant argues that the case must be dismissed because it is untimely under applicable statutes of limitation. Section 1983 does not have its own limitations period, so courts use the forum state's personal injury statute of limitations, plus any applicable state tolling rules that are not inconsistent with federal law. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In California, the personal injury limitations period is

---

¹ Plaintiff also alleges that "[t]he denial of medical and/or dental attention by dental staff violated the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." ECF No. 5 at 8. However, denial of necessary medical care is governed by the Eighth Amendment, not the Due Process Clause. *Jones v. City of McMinnville*, 244 F. App'x 755, 761 (9th Cir. 2007) ("[F]ederal substantive due process claims are barred where the claimant could seek equivalent relief under constitutional provisions that provide more specific guarantees."). Accordingly, plaintiff's allegations of improper medical and dental care must be analyzed under the Eighth Amendment.

² Plaintiff has submitted a sur-reply to defendant's reply brief. ECF No. 57. Defendant moves to strike the sur-reply. ECF No. 58. The Local Rules of this court provide for a motion, an opposition, and a reply. Under those rules and the Federal Rules of Civil Procedure, there is no right to file a sur-reply. Nevertheless, a court may allow a sur-reply to be filed where there is a valid reason for it, like the need to respond an argument presented for the first time in the reply brief. *Hill v. England*, No. CV-F-05-869 REC/TAG, 2005 U.S. Dist. LEXIS 29357, at *2-3 (E.D. Cal. Nov. 8, 2005). Plaintiff's sur-reply does not present a new argument, and plaintiff makes no other case for why he should be allowed to file this additional briefing. Accordingly, defendant's motion to strike the sur-reply will be granted, and the sur-reply will not be considered.

two years. Cal. Civ. Proc. Code § 335.1. To this period, an additional two years are added if the plaintiff is incarcerated serving less than a life sentence. *Id.* § 352.1(a). It is not clear what sentence plaintiff is serving in this action, so, for the purposes of this motion, the court assumes that he is entitled to tolling under § 352.1(a).

Federal law governs the accrual of a § 1983 cause of action. *Pouncil*, 704 F.3d at 573-74. Under federal law, a claim accrues when the plaintiff knew or had reason to know of the injury complained of. *Id.* at 274. In sum, absent any other tolling, plaintiff was required to file his Eighth Amendment claim against defendant within four years of its accrual.

Plaintiff's medical malpractice claim against defendant is governed by California Code of Civil Procedure § 340.5, which provides that such claims must be brought within one year after the plaintiff discovers, or through reasonable diligence should have discovered, the injury, whichever occurs first. Thus, with the tolling provided by § 352.1(a), and absent any other tolling, the claim is governed by a limitations period of three years.

Plaintiff's claims are additionally tolled during the federally-mandated administrative exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005). Plaintiff exhausted his claim against defendant on January 27, 2010. ECF No. 50-2 at 23.

Plaintiff alleges that, on July 21, 2009, "Dr. Nouged told Plaintiff (bluntly) 'the brackets in your mouth have absolutely no therapeutic purpose at all. They're in there solely to keep your mouth shut." ECF No. 5 at 8. He also alleges that he suffered immediate pain, swelling, and bleeding from the removal of the brackets on July 29, 2009. *Id.* Plaintiff's allegations thus indicate that he knew, or should have known, of defendant's inadequate care by July 29, 2009, at the latest, and plaintiff does not argue otherwise. Because the limitations period was subsequently tolled while plaintiff pursued administrative exhaustion of the claims, it began to run on January 27, 2010, when exhaustion was completed. Accordingly, the period expired on the medical malpractice claim on January 27, 2013 and on the Eighth Amendment claim on January 25, 2014. Plaintiff initiated this action on July 9, 2014. ECF No. 5.

Accordingly, absent any further tolling, the case is untimely. Plaintiff argues that this case is simply a continuation of an earlier action he filed on May 7, 2010, in which he raised the same

3

claims. ECF No. 55 at 3. Plaintiff acknowledges that the earlier action was dismissed without prejudice on March 31, 2014 due to his failure to prosecute. *Id.*; *see* E.D. Cal. Case No. 2:10-cv-01133-KJM-EFB, ECF No. 56. Thus, the court must consider whether the limitations periods may be equitably tolled due to the pendency of the earlier federal action.

In this § 1983 action, the court must also apply the equitable tolling rules of the forum state. *Jones v. Blanas*, 393 F.3d at 927. In California, when a plaintiff pursues identical claims in two different cases, the limitations period may be equitably tolled where the earlier case was brought in a different forum (and where certain other factors are present). *Mitchell v. Snowden*, No. 2:15-cv-1167 TLN AC P, 2016 U.S. Dist. LEXIS 76033, at *9-10 (E.D. Cal. June 10, 2016) (citing *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998)). As plaintiff's earlier case was brought in the same forum (this court), this equitable tolling principle does not apply here.

A case may also be tolled during the pendency of a prior action in the same forum under the narrow "*Bollinger* rule." *Id.* at *11-12; *see Bollinger v. Nat'l Fire Ins. Co.*, 25 Cal. 399, 410 (1944). This rule is applied in situations where court errors and/or dilatory tactics by the defendant thwarted plaintiff's pursuit of the earlier action despite the plaintiff's diligence. *Id.* Central to application of the rule is that the plaintiff would otherwise be shut out of court for reasons outside her control. *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1336 (1994). As plaintiff's prior case was dismissed due to his own failure to prosecute it, the *Bollinger* rule may not be invoked here.

The limitations periods on plaintiff's claims expired prior to this action, and plaintiff has not shown that any tolling principle makes the case timely. Accordingly, the case must be dismissed.

**III.    ORDER and Recommendation**

It is hereby ORDERED that:

1. The Clerk is directed to randomly assign a United States District Judge to this action; and

/////

4

  2.  Defendant's August 7, 2017 motion to strike (ECF No. 58) plaintiff's August 3, 2017 sur-reply (ECF No. 57) is GRANTED.

  It is further RECOMMENDED that defendant's February 27, 2017 motion to dismiss (ECF No. 50) be granted.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 5, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE